# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 693 | **DATE** | 3/12/2001 |
| **CASE TITLE** | Toney vs. Rosewood Care Center | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons set forth on the attached order, defendant's motion to decertify the class (123-1) is denied. The case is set for a telephone conference call to discuss scheduling on March 22, 2001 at 9:00 a.m. Plaintiff's counsel is directed to set up the conference call.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAR 13 2001 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | C.S. | 132 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| | | date mailed notice | |
| OR6 | courtroom deputy's initials | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
MAR 1 3 2001

DONNA TONEY, et al., )
)
    Plaintiffs, )
)
vs. ) Case No. 98 C 693
)
ROSEWOOD CARE CENTER, INC., )
of Joliet, HSM MANAGEMENT, INC. )
and PHIL MENDELSON, )
)
    Defendants. )
)

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Defendant Rosewood Care Center, Inc. operates a nursing home in Joliet, Illinois, which is staffed with administrative personnel provided through HSM Management Services, Inc., another named defendant. Phil Mendelson, the third named defendant, formerly worked as the senior administrator of Rosewood's Joliet nursing home. The named plaintiffs, Donna Toney, Meredith Beene, Mary O'Neil, Clara Mae Young and Elizabeth Shelby, are former African-American employees at Rosewood's Joliet facility who allege -- on behalf of themselves and a class of others -- employment discrimination in violation of 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a) & 3(a), as well as intentional infliction of emotional distress; they seek "backpay, front pay, general and special damages for lost compensation and job benefits that they would have received but for the discriminatory practices of Rosewood, and for emotional distress, humiliation, embarrassment and anguish."

On March 31, 1999, Judge David Coar, to whom the case was previously assigned,

certified one broad class and three subclasses of plaintiffs. Judge Coar defined the class to include all African-American employees who were employed at Rosewood during 1997 and 1998; he defined the subclasses as follows:

<u>subclass I</u>: all African-American former employees of Rosewood who were either terminated during 1997 and 1998 for pretextual reasons or constructively discharged during 1997 and 1998;

<u>subclass II</u>: those current and former African-American employees of Rosewood who were subject to adverse employment decisions other than termination (including retaliation for protesting discriminatory treatment of African-American employees and disparate treatment as to discipline and as to denial of vacation time) on account of their race;

<u>subclass III</u>: those current and former African-American employees of Rosewood who were subject to a racially-hostile work environment at Rosewood.

Having deposed the five named plaintiffs and eleven non-named plaintiffs, defendants Rosewood and HSM now move to decertify the class and subclasses, ostensibly because of new information gleaned through that discovery. Defendants argue that the "class" no longer appears to satisfy the numerosity requirement and that a "sea change" in the law brought about by *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402 (5th Cir. 1998), cited approvingly by the Seventh Circuit in *Lemon v. International Union of Operating Engineers, Local No. 139, AFL-CIO*, 216 F.3d 577 (7th Cir. 2000), should cause the Court to rethink the certification question.

With respect to the numerosity argument, the Court reads defendants' argument to imply that prospective plaintiffs' failure to respond to discovery means they are not interested in participating in the proceedings. But that view is tantamount to converting what should be an opt-out class to an opt-in class. The Court recently ordered that class members who failed to respond to defendants' written discovery requests could not testify at trial. But that ruling concerned the administration of discovery, not the scope of the class. The supposed lack of

interest of certain unnamed class members says nothing about the number of people in the class. At least at this point, the Court has no reason to believe that the class, defined by Judge Coar to include as many as about 150 people, actually contains so few that their cases should proceed individually.

As for the law in this area, the Court does not read either *Allison* or *Lemon* to compel decertification just because the plaintiffs seek money damages. As plaintiffs note, *Allison* -- which was already decided when Judge Coar certified the class in this case -- discussed the issue of predominance of money damages in the context of certification under Rule 23(b)(2), not 23(b)(3). And even *Lemon* directs that, in a case (such as this) in which the plaintiffs are claiming equitable relief and non-incidental monetary relief, one option for handling the case is to certify it under Rule 23(b)(3), 216 F.3d at 581, which is exactly what Judge Coar did. *See also Jefferson v. Ingersoll International, Inc.*, 195 F.3d 894, 898 (7th Cir. 1999) ("[w]hen substantial damages have been sought, the most appropriate approach is that of Rule 23(b)(3), because it allows notice and an opportunity to opt out.").

Moreover, the defendants have not explained how anything learned in recent discovery undermines Judge Coar's findings concerning the appropriateness of class certification. Defendants argue that the plaintiffs' claims are "extremely diverse and unique." But even after reading the deposition transcripts and other materials submitted by defendants, the Court believes that the common issues Judge Coar identified remain -- namely, all plaintiffs claim that the defendants violated Title VII and §1981 and all plaintiffs claim to have been adversely affected by defendants' policy and practice of holding African-American employees to tougher standards than non-African-American employees. Defendants make much of the fact that some of them

3

claim discrimination against Mendelson, whereas others did not even work at Rosewood during Mendelson's tenure. One unnamed plaintiff, Shawanna Bew, for example, testified that she had no problems with Mendelson, *see* Bew Deposition at p. 32 (Appendix to Rosewood's Mem. in Support of its Motion to Decertify Class, Exhibit E); another unnamed plaintiff, Lisa Ann White, testified that she had very little contact with Mendelson. White Deposition at pp. 12-13 (Appendix, Exhibit F). But as the complaint makes clear, plaintiffs are alleging an institutional pattern and practice of discrimination, not just discrimination suffered at Mendelson's hands. *See, e.g.*, Second Amended Complaint, ¶¶62, 64-68. Mendelson is certainly alleged to have contributed to the racially hostile environment in the eyes of some of the plaintiffs, *see* Shelby Deposition at p. 27 (Appendix, Exhibit D); Beene Deposition at pp. 24, 27, 67-70 (Appendix, Exhibit I), but contact with Mendelson is not a prerequisite to class membership.[1]

Defendants also argue that individual issues will predominate. Judge Coar recognized that, given the nature of plaintiffs' claims, individual issues would arise. But he found that the common issues concerning the pattern and practice of discrimination predominated over such issues. Defendants have given the Court no reason to revisit that finding -- or any of Judge Coar's other findings. Instead, they have attempted to contradict or undermine the substance of plaintiffs' allegations; they offer a decision from an administrative law judge with the Illinois Department of Public Health concluding that Mary O'Neil slapped a resident at Rosewood (Appendix, Exhibit A(1)), and they offer the affidavit of Louis J. Netemeyer, Rosewood's

---

[1] Interestingly, Mendelson himself testified that the atmosphere at Rosewood was "divisive" and that African-Americans were treated differently and worse than non-African-Americans in the facility. *See* Mendelson Deposition at pp. 188-93 (Plaintiffs' Response to Defendants' Motion to Decertify Class, Exhibit E).

4

Secretary-Treasurer, to show that Rosewood fired Donna Toney, Mary O'Neil and Clara Mae Young for legitimate reasons, not because of their race, and that the candidates Rosewood sought to replace them were African-American. *See* Netemeyer Affidavit, ¶¶2(c)-(d), 4(a)-(m), 5(j)-(l) (Appendix, Exhibit J). Such arguments are properly raised in support of summary judgment or at trial, not to determine the propriety of class certification.

Defendants' motion to decertify the class [Docket No. 123-1] is denied. The case is set for a telephone conference call to discuss scheduling on March 22, 2001 at 9:00 a.m. Plaintiffs' counsel is directed to set up the conference call.

Dated: March 12, 2001

MATTHEW F. KENNELLY
United States District Judge