Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 693 | **DATE** | 5/15/2002 |
| **CASE TITLE** | Toney vs. Rosewood | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  For the reasons set forth on the attached Memorandum Opinion and Order, the Court denies plaintiffs' motion to reconsider (177-1)

(11) ■ [For further detail see

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAY 1 6 2002 date docketed | |
| | Notified counsel by telephone. | | |
| ✓ | Docketing to mail notices. | docketing deputy initials | 185 |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| OR | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
MAY 1 6 2002

DONNA TONEY, et al., )
)
        Plaintiffs, )
)
vs. ) Case No. 98 C 693
)
ROSEWOOD CARE CENTER, INC., et al., )
)
        Defendants. )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

On April 3, 2002, the Court granted defendants' motion for sanctions and dismissed this action as a sanction for plaintiffs' failure to comply with the Court's orders regarding preparation of the final pretrial order. Plaintiffs have moved for reconsideration of that order. For the reasons stated below, the Court denies plaintiffs' motion.

On October 18, 2001, the Court set the case – a class action alleging a "pattern and practice" of discriminatory employment practices by the defendants – for trial on April 22, 2002. The trial was expected to be complex and, as is commonly done in "pattern and practice" cases, was to be bifurcated, with the first phase of the trial to concern liability (whether a pattern or practice of discrimination existed) and the second phase to concern the remedy.

On January 4, 2002, the Court entered an order directing the parties to file the final pretrial order by March 22, 2002 and setting the case for a final pretrial conference on March 29, 2002. The Court has a standing order delineating the requirements for the final pretrial order, which are somewhat less onerous than those imposed in this District's Local Rule Form 16.1.1.

185

A copy of the standing order is attached to this Memorandum Opinion as Appendix 1. It requires the plaintiff's counsel to prepare the initial draft and provide it to defendant's counsel no less than twenty-one days before the date the final pretrial order is to be filed.

On Thursday, March 21, 2002, a telephone conference was held at the behest of the parties. During the telephone conference, plaintiffs' counsel orally requested two additional weeks to file the final pretrial order (that is, until April 5, 2002). The Court denied this request, anticipating that the final pretrial order would expose significant issues that should be determined in advance of trial so that all would have, well before trial, the road map for how the trial would proceed, and also anticipating that the parties would require significant time after the final pretrial conference to prepare witnesses, examinations, and arguments. The Court did, however, extend the date for filing the final pretrial order to Monday, March 25. Plaintiffs' counsel expressed no misgivings regarding his ability to comply with that deadline.

The final pretrial order was not filed on March 25. On that date, defendants' counsel filed a motion for sanctions, alleging that plaintiffs' counsel had not even served a draft of the final pretrial order. Rather, all that plaintiffs' counsel had served – the previous Friday, March 22 – was a "preliminary" list of witnesses and a list of exhibits. In the motion, defendants requested a variety of sanctions, including dismissal of the action.

Because the trial date was fast approaching, the Court arranged a telephone conference that same day, which was held on the record. The Court gave the parties an additional week (until April 1) to file the pretrial order, reset the final pretrial conference to April 3, and entered and continued defendants' motion for sanctions to that date. The Court warned plaintiffs' counsel that if he did not comply with his obligations under the Court's standing order, the Court

2

would grant the motion for sanctions, and the sanction that the Court would be looking at would be dismissal of the case.

The parties appeared on April 3. Defendants' counsel disclosed, and plaintiffs' counsel conceded, that he had not prepared proposed jury instructions to be included in the final pretrial order – a clear and unambiguous requirement of the Court's standing order. Counsel said that he had not done so because he believed or assumed – despite the Court's standing order – that the jury instructions could be dealt with during the course of the trial. Defendants' counsel also disclosed that plaintiffs' counsel had not complied with the directive in the Court's standing order to provide "[a]n itemization of damages and other relief sought." Rather, plaintiffs' counsel's draft of the final pretrial order stated only that the plaintiffs were "seeking back pay, front pay, punitive damages and damages for emotional distress, humiliation, embarrassment, and anguish" but provided no amounts for any of those items.[1] The Court inquired of plaintiffs' attorney whether he had any idea what amounts he would be asking the jury to award; he said that he did not.

After hearing extended argument from the parties, the Court made an oral ruling granting defendants' motion for sanctions, and dismissing the action. We will not repeat here the substance of that ruling. Suffice it to say that the Court recognized that the sanction it imposed was severe but that it believed it to be the most appropriate sanction under the circumstances.

In their motion for reconsideration, plaintiffs argue that the Court should have considered the entire history of the case, not just this single incident, and should have considered and

---

[1] Plaintiffs' current contention that there was some reason to believe that a non-itemized disclosure would suffice does not hold water; the Court had ordered "[a]n itemization of damages." Standing Order, ¶3.

3

imposed a lesser sanction, such as a monetary sanction against plaintiffs' counsel. In fact the Court *did* consider the whole history of the case as well as the possibility of imposing a lesser sanction.

We begin with the history of the case. The events of late March 2002 were not an isolated incident. In early February 2000, the Court imposed an deadline of March 2000 for completion of expert discovery relating to the issue of the existence of a class, which had been previously certified but whose existence was called into doubt by intervening events. Plaintiffs' counsel agreed with defendants' counsel to produce the report of plaintiffs' expert (who had been identified ten months earlier) by February 29. In early March 2000, defendants moved to strike plaintiffs' expert because the report had not been provided. The motion also disclosed that some of the plaintiffs had failed to appear for depositions, impairing defendants' ability to comply with the cutoff date for class-related discovery. The Court denied the motion to strike the expert but directed plaintiffs' counsel to provide a report by a date certain. The non-appearance of certain class members for deposition prompted another motion by defendants in April 2000, seeking to exclude them from the class; though the Court ultimately denied this motion, the proceedings relating to it revealed continued dilatory actions by plaintiffs and their counsel.

In July 2000, defendants were forced to file a motion to compel responses to written discovery that had been served months earlier; the Court ordered plaintiffs to answer the discovery within ten days. In August 2000, defendants filed another motion to compel responses to discovery; the Court granted the motion and ordered compliance within thirty days. In September 2000, defendants moved to compel class members who had been identified as trial witnesses for the plaintiff to answer certain written discovery; the Court ordered responses within

4

twenty-one days and ordered class members identified as witnesses to be made available for deposition by the end of October. Some of the identified plaintiffs still failed to respond, and in October 2000, the Court entered an order barring those class members who had failed to respond to written discovery from testifying at trial.

In November 2000, defendants moved to bar plaintiffs from presenting certain evidence at trial, based on plaintiffs' failure to answer the written discovery requests that the Court had, in August 2000, ordered them to answer by September 11, 2000. Though plaintiffs' counsel responded that his non-answer was premised on his need to depose defendant Phil Mendelson, counsel had not asked the Court to extend the deadline it had imposed (though he had appeared in court on the case twice since the order had been entered); rather he had simply ignored the Court's order. The Court gave plaintiffs four days to answer the discovery.

On September 20, 2001, the Court entered an order setting the case for a status hearing on October 18 for the purpose of setting a trial date. Plaintiffs' counsel failed to appear on October 18 and set another status hearing for November 2. On that date, the Court directed the parties to file memoranda regarding how the trial should be structured. At an in-chambers conference on January 4, 2002, the Court set certain matters for ruling on February 28 and directed plaintiff to respond, well in advance of that date, to defendants' memorandum regarding the structure of the trial. Plaintiffs failed to do so, and the Court, unwilling to determine the structure of the trial without input from plaintiffs' counsel, was forced to give him additional time to file his response.

All of this, in addition to the previous-discussed events of March 21 through April 2, and the specific warning that the Court gave plaintiffs' counsel on March 25 that plaintiffs would be facing dismissal if counsel did not comply with his Court-ordered obligations, was the

5

background that led the Court to impose the sanction of dismissal. Plaintiffs and their counsel had established a pattern of non-compliance with orders and deadlines. The deadline for filing the final pretrial order was a particularly important one: it was important to determine disputed issues prior to a trial expected to be lengthy and complicated, and it was equally important for all parties to go into the pretrial conference and the trial with full awareness of the possible exposure to defendants if plaintiffs prevailed. As the Court explained in its oral ruling of April 3, we were unwilling to require the parties to spend the final days before trial learning, hashing-out, and resolving these issues, for that time was more appropriately spent on preparing witnesses, examinations, and arguments, and making whatever adjustments were necessary after the Court determined how the jury would be instructed on the law and resolved any other disputed pretrial issues (such as motions *in limine*). That is why the standing order regarding preparation of the final pretrial order required its various elements to be submitted *before trial*. Despite this, despite the Court's clear statement to counsel on March 21 that the pretrial order would be due on March 25, and despite the Court's clear statement to counsel on March 25 that he was required to fulfill all the requirements of the final pretrial order, counsel took it upon himself to decide what should and what should not be submitted.

The Court recognizes that dismissal is a severe sanction, and that our system favors resolving cases on their merits. *See, e.g., Schilling v. Walworth County Park & Planning Commission,* 805 F.2d 272, 273 (7th Cir. 1986). But the law does not require the imposition of "progressive" sanctions, *see Williams v. Chicago Board of Education,* 155 F.3d 853, 858 n.5 (7th Cir. 1998); indeed it does not even require the "warning shot" that we gave plaintiffs' counsel on March 25. *See, e.g., Downs v. Westphal,* 78 F.3d 1252, 1257 (7th Cir. 1996). Though a single,

arguably inadvertent misstep does not warrant dismissal, *see Long v. Steepro,* 213 F.3d 983, 986-87 (7th Cir. 2000), that is not what occurred here. Rather, there was a pattern of knowing and, at least at the final stages, willful non-compliance with the Court's orders; this non-compliance "cannot be characterized merely as mistake or carelessness." *Marrocco v. General Motors Corp.,* 966 F.2d 220, 224 (7th Cir. 1992). In such circumstances, dismissal is an appropriate sanction. *Long,* 213 F.3d at 986; *Downs,* 78 F.3d at 1256. The Court considered imposing a lesser sanction, as well as imposing a sanction on plaintiffs' counsel only, but we did not and do not believe that such lesser sanctions would be adequate in terms of for promoting the interests of justice or deterrence of future misconduct. Lesser measures – setting deadlines, ordering compliance, and imposing other sanctions such as a bar on calling certain witnesses – had been imposed and evidently had had no deterrent or otherwise salutary effect on plaintiffs or their counsel. There was no basis to believe that a lesser sanction in this instance would have produced the desired result.

For these reasons, the Court denies plaintiffs' motion to reconsider [docket item 177-1].

_____
MATTHEW F. KENNELLY
United States District Judge

Date: May 15, 2002

7